IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| KENNETH ALEXANDER | § | |
| v. | § | CIVIL ACTION NO. 6:10cv512 |
| | | CONSOLIDATED WITH 6:10CV558 |
| SMITH COUNTY DISTRICT ATTORNEY'S OFFICE, ET AL. | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>AND ENTERING FINAL JUDGMENT</u>

The Plaintiff Kenneth Alexander, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Alexander complains of incidents which occurred in 1976 and 1977. He says that in 1976, he went before a grand jury on charges of sexually assaulting a jail inmate, but the grand jury no-billed him. Three months later, however, the Defendants had him on the news, saying that he had been bench-warranted back to Smith County on charges of sexually assaulting a jail inmate even though this was not true. He was again on the news in January of 1977 when he was bench warranted back to Smith County as a witness for something that he knew nothing about. He complains that the Defendants lied to the media about the charges of sexually assaulting the inmate, as well as another charge of sexually assaulting a real estate agent.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed based upon the expiration of the statute of limitations. The Magistrate Judge determined that the limitations period began to run on September 1, 1987, at the time that the Texas

1

Legislature removed the tolling provision for prison inmates, and expired two years later, on September 1, 1989. However, Alexander did not sign his complaint until September 20, 2010, over two decades later. The Magistrate Judge thus concluded that Alexander's lawsuit was barred by the statute of limitations.

Alexander filed objections to the Magistrate Judge's Report on January 7, 2011. In his objections, he asks for more time because "there is a team examining my cases as I speak." He says that it is a miscarriage of justice if his case is dismissed, and that he had no way of knowing the limitations period.

In support of his objections, Alexander attaches documentation showing that he has been in contact with an organization called the Innocence Project, which calls itself an organization dedicated to exonerating wrongly convicted individuals through DNA testing. A letter from the Innocence Project dated September 10, 2010, says that Alexander's case is currently under investigation by that organization.

Nothing in Alexander's objections or documentation indicate that the Magistrate Judge erred by recommending that this lawsuit be dismissed. Although Alexander argues that he did not know of the statute of limitations, the Fifth Circuit has held that ignorance of legal rights and time limitations is not a basis for equitable tolling of the limitations period. Dixon v. Louisiana Dept. of Corrections, 294 Fed.Appx. 970, 2008 WL 4476510 (5th Cir., October 6, 2008), *citing* Barrow v. New Orleans S.S,.Ass'n, 932 F.2d 473, 478 (5th Cir. 1991). However, the Court would note that the dismissal of this lawsuit will have no effect upon Alexander's attempts to have his conviction overturned, or would it have any effect upon any investigation, findings, or conclusions of the Innocence Project. This lawsuit is a civil rights action and has nothing to do with the legality of his conviction itself; should Alexander prove that his conviction is wrongful, the dismissal of this lawsuit will not prevent him from having this conviction set aside by any lawful means.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Report of the Magistrate Judge and the Plaintiff's objections thereto. Upon such *de novo* review,

the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil rights action be and hereby is DISMISSED with prejudice as frivolous and for failure to state a claim upon which relief may be granted, because the claims are barred by the statute of limitations. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**So ORDERED and SIGNED this 23rd day of February, 2011.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**